IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION



United States Courts
Southern District of Texas
FILED

FEB 28 2019

David J. Bradley, Clerk of Court

| | |
|---|---|
| JANET ANDERSON,<br>Plaintiff,<br><br>vs.<br><br><br>STANDARD CONSTRUCTORS, INC.,<br>Defendant. | §<br>§<br>§<br>§<br>§  CIVIL ACTION NO. 4:19 cv _726<br>§<br>§  JURY TRIAL DEMANDED<br>§<br>§<br>§ |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

**COMES NOW, JANET ANDERSON**, Plaintiff herein, by and through her attorney of record, hereby complains of **STANDARD CONSTRUCTORS, INC.** (referred to herein as "Defendant or "Standard"), and for cause of action would respectfully show this Honorable Court the following:

**Jurisdiction**

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1332, 1343, 1367, 2201 and 2202. This is a suit in law and in equity, authorized and instituted pursuant to the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621, *et seq.*, as amended, Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991, as amended, 42 U.S.C. §2000e, *et seq.* ("Title VII"), Lilly Ledbetter Fair Pay Act of 2009 ("FPA"), and the Equal Pay Act of 1963, 29 U.S.C. §206(d), as amended ("EPA"). The Court's supplemental jurisdiction

is invoked for the claim herein of a violation of the Texas Commission on Human Rights Act, Chapter 21 of the Texas Labor Code ("TCHRA"). The jurisdiction of this Court is invoked to secure the protection of Plaintiff and those individuals due to their age and gender and from retaliation.

**Parties**

2.      The Plaintiff **Janet Anderson** ("Anderson") is a resident of the County of Harris, State of Texas and at the pertinent times she was a resident of Brazoria County and a citizen of the United States.

3.      The Defendant **Standard Constructors, Inc.** is an employer as defined by the ADEA, Title VII (and FPA), and the TCHRA.  Defendant is a Texas corporation which may be served with process through its registered agent for service of process, Robert Gulledge, 9208 Winkler, Houston, TX 77017.

4.      At all times material hereto, Plaintiff was an employee, as contemplated within the ADEA, Title VII (and FPA) and the TCHRA.  At all times material hereto, Plaintiff is and was at least forty (40) years of age.  Plaintiff's date of birth is November 20, 1956 and is Female.

**Venue**

5.      Venue is appropriate in this District pursuant to 28 U.S.C. §1391 in that the Defendant resides in this Judicial District and/or a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.  Furthermore, the Defendant maintains sufficient business contacts in one or more counties comprising this Judicial District and the Houston Division.

**Facts**

6.      Anderson was hired by Defendant around May 2011 as a Project Scheduler earning $32.00 per hour on a salary basis, which changed to an hourly rate of approximately $29.00 per hour in 2012.

7.      In early March 2016, Bryan Coppenger (who is believed to be in his 40s) was hired as a Project Scheduler.  He informed Anderson that he was earning $38.00 per hour.

8.      On or about July 13, 2016, Ms. Anderson emailed a pay increase request to Jedd Gulledge, Respondent's Co-Owner.

9.      Due to not receiving a response, on August 11, 2016, Ms. Anderson re-submitted the same request on a different date to Carlysle Gulledge, Respondent's Project Manager ("C. Gulledge").

10.     On August 16, 2016, Ms. Anderson met with C. Gulledge and complained about gender discrimination and equal pay issues after learning about Mr. Coppenger's hiring and compensation.

11.     At the end of the meeting, Mr. C. Gulledge told Ms. Anderson that she gets benefits because she gets to go home every time.  Mr. C. Gulledge was referring to her previous job when Ms. Anderson would travel.

12.     Ms. Anderson sent Mr. C. Gulledge an email following up on their August 16th meeting.

13.     With still no response from Mr. C. Gulledge, on the morning of October 5, 2016, Ms. Anderson sent an email to Kelly Nowlin, Respondent's HR Manager, asking for help in obtaining a status update on her pay increase.  Ms. Nowlin declined to help Anderson and referred her to Mr. C. Gulledge, as he was Anderson's "boss."

14.     That afternoon of October 5, 2016, Ms. Anderson was unjustifiably issued an Employee

Warning Notice based on false grounds.

15. On or about October 9, 2016 Ms. Anderson expressly complained by email about gender and age discrimination, retaliation and unequal pay to Mr. C. Gulledge.

16. Anderson contacted the U.S. Equal Employment Opportunity Commission ("EEOC") in January 2017.

17. On or about February 8, 2017, Ms. Nowlin unjustifiably presented Anderson with a "Reprimand and Final Warning" based on pretext for continued retaliation for Anderson's complaints of unlawful discrimination and retaliation.

18. Anderson then submitted her Intake Questionnaire form to the EEOC on or about February 13, 2017.

19. On or about February 28, 2017 Anderson received a call from the EEOC investigator informing her that her Charge of Discrimination had been prepared and that Defendant had been contacted and notified of the pending Charge.

20. On or about March 6, 2017, Anderson received the formal Form 5 Charge of Discrimination from the EEOC, which she reviewed, signed and sent it back to the EEOC.

21. Anderson was terminated by Respondent on March 9, 2017 for pretextual and false reasons in connection with her work performance.

22. Mr. Coppenger remained as a Project Scheduler.

## CAUSES OF ACTION

**Gender Discrimination and Retaliation under Title VII, FPA, and the TCHRA.**

23. Plaintiff hereby incorporate all facts stated in the preceding paragraphs as if set forth fully herein.

4

24.    Defendant has intentionally discriminated against Plaintiff in violation of Title VII and the TCHRA based on gender (Female) through its disparate treatment, disparate terms and conditions of employment, discriminatory compensation (additionally under the FPA) and termination of her.

25.    Defendant terminated Plaintiff in retaliation for her opposition to such unlawful practices and/or for filing her Charge of Discrimination.

26.    As a result of Defendant's intentional, discriminatory and unlawful acts described above, Plaintiff has suffered and continue to suffer actual damages and compensatory damages including but not limited to mental anguish, humiliation, emotional distress and damage to her professional reputation, all to her detriment and compensable at law. Plaintiff also sues for the recovery of punitive damages as authorized by statute.

27.    Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein, and this action for preliminary and permanent injunction is the only available means of securing adequate relief. Plaintiff presently suffers and will continue to suffer irreparable injuries from Defendant's policies, practices, customs, and usages set forth herein.

28.    The effect, purpose and intent of the policies and practices pursued by Defendant has been and continues to be to limit, classify, and willfully discriminate against employees on the basis of their gender and otherwise adversely effect their status as employees because of same.

29.    Plaintiff has timely filed a charge of discrimination with the United States Equal Employment Opportunity Commission, which is considered as dual filed with the Texas Workforce Commission Civil Rights Division ("TWCCRD") pursuant to a work-sharing agreement and has received notice of her Right to Sue from the EEOC and requested same of the TWCCRD. Accordingly, all jurisdictional prerequisites have been satisfied.

5

**Age Discrimination and Retaliation under the ADEA, FPA, and TCHRA**

30.    Plaintiff hereby incorporates all facts stated in the aforementioned paragraphs, as if set forth fully herein.

31.    Defendant has intentionally discriminated against Plaintiff by subjecting her to disparate treatment, disparate terms and conditions of employment, discriminatory compensation (additionally under the FPA) and termination of her because of her age.  Under the TCHRA, age was a motivating factor for such unlawful conduct.  Under the ADEA, age was a "but for" cause of such unlawful conduct.  As a result, Plaintiff is entitled to actual damages based on such conduct.

32.    Defendant terminated Plaintiff in retaliation for her opposition to such unlawful practices and/or for filing her Charge of Discrimination.

33.    Plaintiff has suffered and continues to suffer mental anguish, humiliation, and emotional distress, all to her detriment and compensable at law under the TCHRA.

34.    Your Plaintiff would show that Defendant and its agents and employees, by their actions, statements, practices, and policies, maliciously and/or with reckless indifference discriminated against Plaintiff on account of her age.  As a result, Plaintiff is entitled to punitive damages under the TCHRA.

35.    Defendant through its agents and employees, by their actions, statements, practices, and policies willfully violated the ADEA.  As a result, Plaintiff is entitled to liquidated damages under the ADEA.

36.    Plaintiff has timely filed a charge of discrimination with the United States Equal Employment Opportunity Commission, which is considered as dual filed with the Texas Workforce Commission Civil Rights Division ("TWCCRD") pursuant to a worksharing

agreement, and has received notice of her Right to Sue from the EEOC and requested same of the TWCCRD. Accordingly, all jurisdictional prerequisites have been satisfied.

37.　Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein, and this suit for preliminary and permanent injunction is the only available means of securing adequate relief. Plaintiff presently suffers and will continue to suffer irreparable injuries from Defendant's policies, practices, customs, and usages set forth herein.

38.　The effect, purpose and intent of the policies and practices pursued by Defendant has been and continues to be to limit, classify, and intentionally and wilfully discriminate against Plaintiff in violation of her rights and the rights of other senior employees and otherwise adversely effecting their status as employees because of their age in violation of the ADEA and TCHRA.

**Unequal Pay and Retaliation under the EPA**

39.　Plaintiff hereby incorporate all facts stated in the preceding paragraphs as if set forth fully herein.

40.　Defendant has violated the EPA through unequal compensation to Plaintiff based on her gender (Female).

41.　Plaintiff performed equal work as a Male co-worker and received unequal pay. Such job required equal skills, efforts, and responsibilities under similar working conditions in the same establishment.

42.　Defendant terminated Plaintiff in retaliation for her opposition to such unlawful practices and/or for filing her Charge of Discrimination. As a result, Plaintiff is entitled to compensatory and punitive damages under the EPA.

43.　Defendant through its agents and employees, by their actions, statements, practices, and

7

policies willfully violated the EPA.  As a result, Plaintiff is entitled to liquidated damages under the EPA for unequal pay.

**WHEREFORE**, Plaintiff prays that this court advance this cause on the docket, order a speedy hearing at the earliest practicable date and cause this case in every way to be expedited and upon such hearing to:

1.      Grant Plaintiff a preliminary and permanent injunction enjoining Defendant and its agents and employees from continuing to discriminate against Plaintiff and other similarly situated persons or otherwise deprive Plaintiff of her rights and privileges secured by Federal and State Law;

2.      Grant Plaintiff a declaratory judgment, that the practices, policies, customs and usages complained of herein are violative of her rights as protected by Title VII, as amended, The Age Discrimination in Employment Act, as amended, the Lilly Ledbetter Fair Pay Act, the Equal Pay Act, and the Texas Commission on Human Rights Act, as amended;

3.      Order the Defendant to grant Plaintiff additional equitable relief, requiring said Defendant to engage in any affirmative action as is authorized by statute and deemed necessary to remedy the discrimination alleged herein;

4.      Enter a monetary judgment, including actual, compensatory and punitive damages (in an amount at least three times the actual and compensatory damages awarded) on Plaintiff's behalf against Defendant pursuant to Title VII, TCHRA, and the EPA (retaliation claim);

5.      Enter a monetary judgment on Plaintiff's behalf against Defendant in accordance

with the FPA;

6.     Enter a monetary judgment on Plaintiff's behalf against Defendant pursuant to the ADEA;

7.     Enter a monetary judgment on Plaintiff's behalf against Defendant pursuant to the EPA;

8.     Enter an award against Defendant for double liquidated damages under the ADEA and EPA (unequal pay claim);

9.     Enter an award against Defendant for back pay; including all accrued interest, insurance benefits, pension benefits, vacation benefits, sick leave, and other incidental benefits that attach to and were incidental to Plaintiff's employment with Defendant;

10.     Order front pay for Plaintiff, who has been discharged, in lieu of reinstatement, if reinstatement is not feasible;

11.     Grant an Order restraining Defendant from any retaliation against Plaintiff for participation in any form in this action; and

12.     Enter an order granting such further relief to which Plaintiff may show herself justly entitled consistent with the purposes of the Title VII, FPA, ADEA, EPA, and TCHRA, including attorneys fees, costs, and pre and post-judgment interest.

Respectfully submitted,

JANET ANDERSON
73 S. Bachelor Button St.
Lake Jackson, Texas 77566
(979) 824-0951
msjjj10@yahoo.com

*Pro Se* PLAINTIFF

9